# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAOUL MARRADI, <br><br> Plaintiff, <br><br> v. <br><br> 724 HUNTINGTON AVENUE, INC., and BRIGHAM CIRCLE TR, <br><br> Defendants. | Civil Action No. <br> 18-11469-FDS |

## ORDER ON SUGGESTION OF DEATH OF <ins>PLAINTIFF RAOUL MARRADI</ins>

**SAYLOR, J.**

On November 5, 2018, plaintiff's counsel filed a suggestion of death of plaintiff Raoul Marradi. The suggestion of death states that upon counsel's information and belief, plaintiff has passed away. It further states that plaintiff's counsel is presently unaware whether anyone has been designated or is serving as the successors or representatives of plaintiff.

Fed. R. Civ. P. 25(a)(1) provides that after a party dies, if the claim is not extinguished, "the court may order substitution of the proper party." It further provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative," but if the motion is not made within 90 days "after service of a statement noting the death," the action must be dismissed.

The suggestion of death filed by counsel here provides authority for the contention that a filing by the deceased's counsel, as opposed to a "party," does not trigger the 90-day period for substitution under Rule 25(a)(1). The Court is not persuaded, however, that Rule 25 should be

read so narrowly.  Instead, the Court concludes that a filing by counsel (who is a representative of a "party") is sufficient to trigger the 90-day period.  *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998) ("[T]he text of Rule 25(a)(1) contains no [ ] restriction on who may file the statement [of the fact of death]."); *see also Atkins v. City of Chicago*, 547 F.3d 869, 872–73 (7th Cir. 2008) (concluding that attorney's contention that his motion for substitution was not a valid suggestion of death to start the 90-day clock because it was not authorized by his deceased client was "a ridiculous argument; a suggestion of death cannot be authorized by the person who has died, at least not without the intervention of a medium").  *But see Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969); *Hilsabeck v. Lane Co.*, 168 F.R.D. 313 (D. Kan. 1996); *Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y. 1993); *AlJundi v. Estate of Rockefeller*, 757 F. Supp. 206 (W.D.N.Y. 1990).

The Court therefore concludes the November 5, 2018 suggestion of death filed by counsel has triggered the 90-day period for substitution under Rule 25(a)(1).  That period will expire, absent further developments, on February 4, 2019.

**So Ordered.**

Dated: November 6, 2018

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge